David E. Bower (SBN 119546)
Christopher Hayes (SBN 277000)
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-Mail: dbower@faruqilaw.com

*Attorneys for Plaintiffs*



# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LINDA HAWKINS and GEORGE STEZ on behalf of themselves and all others similarly situated,<br><br>v.<br><br>GENERAL MILLS, INC., a Delaware corporation and YOPLAIT USA, INC., a Delaware corporation and Does 1 through 10, | Case No.: **CV 12 - 03306 DDP (DTBx)**<br><br>**CLASS ACTION COMPLAINT**<br><br>I.   **Magnuson-Moss Warranty Act**<br>II.  **Breach of Express Warranty**<br>III. **Unjust Enrichment**<br>IV. **Injunctive and Declaratory Relief**<br>V.  **Violation of Consumer Fraud Laws of Several States**<br>VI. **Injunctive Relief Under California Consumer Legal Remedies Act**<br>VII. **Injunctive Relief Under California False Advertising Law**<br>VIII. **Injunctive Relief Under California Unfair Competition Laws**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Linda Hawkins and George Stez, ("Plaintiffs"), bring this action against General Mills, Inc. ("General Mills") and Yoplait USA, Inc. ("Yoplait," collectively with General Mills, "Defendants") on behalf of themselves and all

CLASS ACTION COMPLAINT

1

others similarly situated.  Plaintiffs make the following allegations upon information and belief, except as to allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF THE ACTION

1.    This is a class action lawsuit on behalf of purchasers of Yoplait Greek® fat free yogurt ("Yoplait Greek"), marketed by Defendants as fat free Greek yogurt.  In reality, Yoplait Greek is neither authentic Greek yogurt, nor yogurt at all.  Yoplait Greek does not comply with the standard of identity of yogurt.  Indeed, Yoplait Greek contains Milk Protein Concentrate ("MPC") which is not among the permissible ingredients of yogurt, non-fat yogurt, and low-fat yogurt (collectively "yogurt") as set forth under the Food, Drug, and Cosmetic Act ("FDCA"), 21 C.F.R. 131.200, 21 C.F.R. 131.203 and 21 C.F.R. 131.206.  Thus, Yoplait Greek is a misbranded product as defined under the FDCA, 21 U.S.C. §343 and the California Health and Safety Code §110710, which provides that any food is misbranded if it purports to be, is represented as or is labeled as a food specified in a standard of identity but fails to conform to the standard of identity.

2.     Defendants marketed and sold Yoplait Greek containing significant levels of MPC. By doing so, Yoplait marketed and sold a product as yogurt that did comply with the applicable standard of identity for yogurt. Yoplait thus failed to provide purchasers of Yoplait Greek with the yogurt they were led to believe they were purchasing.  Defendants engaged in unlawful and unfair conduct, causing injury in fact and loss of money to Plaintiffs and other consumers who purchased Yoplait Greek.

3.     When Plaintiffs, and the Class members, purchased Yoplait Greek, they relied on Defendants' representation that the yogurt he purchased was Greek yogurt.  Greek yogurt is to yogurt what sour cream is to cream.  Greek Yogurt is

CLASS ACTION COMPLAINT

2

made by straining the whey out of plain yogurt resulting in a product that is thicker, creamier, richer, and more flavorful than traditional yogurt. Plaintiffs then discovered that Yoplait Greek is the result of straining plain yogurt, but rather it is thickened with MPC, and because MPC is not enumerated in yogurt's standard of identity, it is neither yogurt nor Greek yogurt.

4.    Plaintiffs assert claims on their own behalf and on behalf of a nationwide class for violations of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et. seq.*, unjust enrichment and breach of express and implied warranties. Plaintiffs also assert claims on behalf of subclasses under California law for violations of the California *Consumers Legal Remedies Act* ("CLRA"), Civil Code §§ 1750, *et seq.*, *Unfair Competition Law* ("UCL"), *Business & Professions Code* §§ 17200 *et seq.*, and *False Advertising Law* ("FAL"), and *Business & Professions Code* §§ 17500 *et seq.*

## JURISDICTION AND VENUE

5.    This Court as subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiffs, as well as most members of the proposed class, are citizens of states different from Defendants.

7.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a), because Defendants do business in this District and the events giving rise to Plaintiffs' claims occurred in this District, as is more fully set forth below.

CLASS ACTION COMPLAINT

3

## **THE PARTIES**

8.    Plaintiff George Stez is a citizen of California who resides in Placentia, California. George Stez purchased and consumed Yoplait Greek from retail store(s) in Los Angeles and Riverside counties in California.

9.    Plaintiff Linda Hawkins is a citizen of California who resides in Los Angeles, California. Linda Hawkins purchased and consumed Yoplait Greek from retail store(s) in Los Angeles California.

10.    Defendant General Mills is a Delaware Corporation, with its principal place of business at One General Mills Blvd., Minneapolis, Minnesota 55426.

11.    Defendant Yoplait is a Delaware Corporation, with its principle place of business at One General Mills Blvd., Minneapolis, Minnesota 55426. Yoplait is a wholly-owned subsidiary of General Mills, Inc.  Yoplait manufactures, markets and sells Yoplait Greek in the United States.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

## **FALSE AND MISLEADING MARKETING OF YOPLAIT GREEK YOGURT**

12.    Greek yogurt is one of the fastest growing segments in a major food category in the United States.  A 2011 UBS Investment Research report on Greek yogurt, entitled *The Rise of Greek Yogurt*[1] stated:

> "The Greek yogurt segment is now driving the vast majority of yogurt growth as the yogurt category has accelerated its share gains of total

---

[1]  Available at http://msnbcmedia.msn.com/i/CNBC/Sections/News And Analysis/ News/ EDIT 20Englewood 20Cliffs/The 20Rise 20of 20Greek 2003-22%20(2).pdf (Last accessed on March 29. 2012)

CLASS ACTION COMPLAINT

4

breakfast and meal occasions. In 2008, overall yogurt category sales were dominated by traditional (non-Greek) yogurt, which represented 98% of category sales. Since that time Greek yogurt sales have increased at a 130% CAGR and now represents 19% of the overall yogurt category. To put this in perspective, in the latest 52 weeks ending 2/19/11, overall yogurt category sales have increased 12% YOY, of which 85% was driven by a 146% increase in Greek yogurt sales, while a 2% increase in traditional yogurt sales accounted for only 15% of category growth."

13.    Consumers pay a premium for Greek yogurt over the price of traditional yogurt. Greek yogurts are typically more expensive in part because they require more milk to produce.  Greek yogurt is to yogurt what sour cream is to cream. It is thicker, creamier, richer, and more flavorful.  Greek Yogurt is made by straining the whey out of plain yogurt using a cloth or paper bag.  The resulting thicker yogurt is now called Greek yogurt.  Greek  yogurt is higher in protein and lower in sugar and carbohydrates than unstrained yogurt

14.    In order to capitalize on the rapidly growing market for Greek Yogurt, Defendants began selling Yoplait Greek in the U.S. in or about January 2010.

15.    Defendants' advertisements, were directed at marketing its Yoplait Greek as low fat yogurt with the beneficial attributes of Greek yogurt.  For example, Defendants represent that Yoplait Greek contains twice as much protein per serving as a regular yogurt.

CLASS ACTION COMPLAINT

16.    Upon information and belief, Greek yogurt now accounts for approximately 20-25% of the total U.S. yogurt market, with many consumers switching from regular yogurt to Greek yogurt because of its healthier qualities and other attributes (higher protein, lower fat, natural flavors).

17.    Defendants do not strain Yoplait Greek to achieve its consistency and higher protein content.    Rather, Defendants add MPC to its "Yoplait Greek" yogurt to give it a thicker consistency and higher protein count.

18.    The ingredients in Yoplait Greek include Cultured Pasteurized Grade A Nonfat Milk, **Milk Protein Concentrate**, and Sugar.

CLASS ACTION COMPLAINT

6

19.    MPC is not enumerated by the FDCA's standard of identity for yogurt, nonfat yogurt or low fat yogurt. As such, products labeled as yogurt, non-fat yogurt or low fat yogurt that contain MPC are misbranded.

20.    A food which purports to be a standardized product, but contains ingredients not recognized in the standard of identity, is misbranded even if its label accurately describes the product's ingredients.

21.    While Defendants label Yoplait Greek as low fat yogurt, Yoplait Greek is neither Greek Yogurt nor even yogurt.

22.    A product that contains MPC cannot be lawfully labeled and sold as "yogurt."

23.    Reasonable consumers do not research a product's standard of identity prior to purchasing such product.  Defendants fail to disclose the fact that Yoplait Greek was not actually yogurt, because Defendants' advertisements and packaging brand Yoplait Greek as both Greek yogurt and fat free yogurt.

CLASS ACTION COMPLAINT

7

24.    The mislabeling and misrepresentations made by Defendants were material.  A reasonable consumer's decision to purchase Yoplait Greek over another Greek yogurt product would be affected by whether the Greek yogurt product was actually yogurt.  Defendants' conduct of labeling and marketing Yoplait Greek as low fat yogurt and Greek Yogurt, is false and misleading.

## YOPLAIT GREEK CONTAINS MILK PROTEIN CONCENTRATE

25.    Defendants do not strain Yoplait Greek to achieve its consistency and higher protein content.  Rather, Defendants add MPC to its Yoplait Greek to give it a thicker consistency and higher protein count.

26.    MPC is used as an additive to certain products, including imitation Greek yogurt. While there is no formal definition or standard of identity for MPC, MPC is essentially a blend of dry dairy ingredients. MPC is sold in a powdered form but is not powdered milk.  MPC is not necessarily made from cow's milk.

27.    The use of MPC is financially advantageous to Defendants, as its addition increases the protein level of a product at a low cost, while not attributing additional flavor to the product.

28.    MPC is often imported from countries with lower food standards than the United States.  MPC is less expensive than other forms of dairy proteins such as farm milk and nonfat dry milk.

29.    MPC is a food additive which is not included by the FDA among food additives "Generally Regarded as Safe" (GRAS) or on the FDA's Everything Added to Food in the United States ("EAFUS") list of additives.

30.    The FDA has previously warned dairy food product makers that when MPC is not listed as an optional dairy ingredient in products governed by a

---

CLASS ACTION COMPLAINT

8

standard of identity, the use of MPC is not permitted and would render the product mislabeled. [2]

## YOPLAIT GREEK DOES NOT SATISFY THE FDA'S STANDARD OF IDENTITY FOR YOGURT

31.    California adopts the FDCA's standards of identity and uses them to define and independently impose its own requirements pursuant to the Sherman Laws. Cal. Health & Saf. Code § 110505.

32.    Standards of identity define certain food products and govern the ingredients that must be used, or may be used, in the manufacture of those foods. The FDA sets forth the standard of identity for Yogurt which describes the components and/or processes that can be used to make yogurt.   The FDA's standard of identity for yogurt, nonfat yogurt and low fat yogurt are found at 21 C.F.R. 131.200, 21 C.F.R. 131.203 and 21 C.F.R. 131.206.

33.    The FDA's standard of identity for yogurt states:

"Yogurt is the food produced by culturing one or more of the optional dairy ingredients specified in paragraph (c) of this section with the characterizing bacterial culture that contains the lactic acid producing bacteria, Lactobacillus Bulgaricus and Streptococcus thermophilus.  One of more of the other optional ingredients specified in paragraphs (b) and (d) of this section may also be added."

21 C.F.R. 131.200(a)

34.    21 C.F.R. (b) concerns to the vitamins that may be added to yogurt.

---

[2] *See e.g.* Warning Letter, December 18, 2002 to Kraft Foods North America Inc. (available at http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2002/ucm145363.htm last accessed March 29, 2012).

35.    21 C.F.R. (c) lists the optional dairy ingredients that can be added to yogurt, and reads as follows:

"Optional dairy ingredients. Cream, milk, partially skimmed milk, or skim milk, used alone or in combination."

21 C.F.R. 131.200(c).

36.    21 C.F.R. 131.200(d) lists the "other optional ingredients" that can be added to yogurt:

*"Optional dairy ingredients."*

(1)    Concentrated skim milk, nonfat dry milk, buttermilk, whey, lactose, lactalbumins, lactoglobulins, or whey modified by partial or complete removal of lactose and/or minerals, to increase the nonfat solids content of the food: Provided, that the ratio of protein to total nonfat solids of the food, and the protein efficiency ratio of all protein present shall not be decreased as a result of adding such ingredients.

(2)    Nutritive carbohydrate sweeteners.  Sugar (sucrose), beet or cane; invert sugar (in paste or sirup form); brown sugar; refiner's sirup; molasses (other than blackstrap); high fructose corn sirup; fructose; fructose sirup; maltose; maltose sirup; dried maltose sirup; malt extract, dried malt extract; malt sirup; dried malt sirup; honey; maple sugar; or any of the sweeteners listed in Part 168 of this chapter, except table sirup.

(3)    Flavoring ingredients.

(4)    Color additives.

(5)    Stabilizers."

21 C.F.R. 131.200(d).

37.    MPC is not expressly listed or described as a permitted ingredient by the applicable standards of identity for yogurt.  Because Yoplait Greek includes MPC, it does not satisfy the applicable standards of identity for yogurt, and thus is neither yogurt nor Greek yogurt within the definition established by the applicable standards of identity.

CLASS ACTION COMPLAINT

10

## YOPLAIT GREEK IS MISBRANDED UNDER THE FDCA.

38.    If a food product bearing fails to comply with its applicable standard of identity, but is nonetheless marketed and labeled as the product defined by the standard of identity, that food product is misbranded pursuant to §403(g)(l) of the FDCA 21 U.S.C. §343(g). Under the FDCA's misbranding provision, a food product is "misbranded" if:

(i)    It does not conform with the applicable standard of identity; or

(ii)    Its label does not bear the name of the food specified in the definition and standard.

21 U.S.C. §343(g).

39.    Defendants market Yoplait Greek as low-fat Greek yogurt.  Because Yoplait Greek contains MPC, it does not conform with the applicable standard of identity.   Thus Yoplait Greek is misbranded under the FDCA's misbranding provision.

40.    Indeed, in 2002 the FDA issued a warning letter to Kraft Foods North America, Inc. because Kraft cheese products contained MPC, an ingredient not contained in the standard of identity for that food, and where thus were misbranded within the meaning of Section 403(g)(1).  The FDA stated[3]:

The use of [MPC] in these products constitutes a violation of Section 403(g)(1) of the Act because the products are represented as foods for which standards of identity have been prescribed by regulation and the use of milk protein concentrate in these products does not conform to the standards.

---

[3] *See e.g*. Warning Letter, December 18, 2002 to Kraft Foods North America Inc. (available at http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2002/ucm145363.htm last accessed March 29, 2012).

## <u>CLASS ACTION ALLEGATIONS</u>

41.     Plaintiffs bring this action on behalf of themselves and all other similarly situated persons pursuant to Rule 23 of the *Federal Rules of Civil Procedure*.

42.     Plaintiffs seek to represent a Class defined as all persons in the United States who purchased a Yoplait Greek product.  Excluded from the Class are persons or entities that purchased Yoplait Greek products for resale, Defendants and their subsidiaries and affiliates.

43.     Plaintiffs George Stez and Linda Hawkins further seek to represent a subclass defined as all Class members who are California residents or who purchased Yoplait Greek® products within the State of California (hereafter, the "California Subclass").

44.     Members of the Class and Subclasses are so numerous that joinder of all members is impracticable.  While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiffs believe the members of the Class exceed hundreds of thousands, if not millions of persons.

45.     Common questions of law and fact exist as to all members of the Class and Subclasses and predominate over any questions solely affecting individual members of the Class and Subclasses.  Among questions of law and fact common to the Class and Subclasses are:

a.      Whether Yoplait Greek manufactured, marketed and sold by Defendants complies with the applicable standards for identity or is misbranded;

b.      Whether MPC is an ingredient within the applicable standards of identity for yogurt;

---

CLASS ACTION COMPLAINT

c.      Whether Defendants expressly and/or impliedly warranted that Yoplait Greek is Greek yogurt;

d.      Whether Defendants expressly and/or impliedly warranted that Yoplait Greek is Greek yogurt;

e.      Whether Defendants breached warranties by making the representations above;

f.      Whether Defendants have been unjustly enriched as a result of their unlawful business practices;

g.      Whether Defendants' actions as described above violated the Magnuson-Moss Act, 15 U.S.C. § 201, *et seq.*,

h.      Whether Defendants' actions as described above violated the California *Unfair Competition Law*, California *Business & Professions Code* §§ 17200, *et seq.*;

i.      Whether Defendants' actions as described above violated the California *False Advertising Law*, California *Business & Professions Code* §§ 17500, *et seq.*;

j.      Whether Defendants' actions as described above violated the California *Consumers Legal Remedies Act*, California *Civil Code* §§ 1750, *et. seq.*;

k.      Whether Defendants should be enjoined from continuing the above-described practices; and

l.      Whether Defendants should be required to make restitution, disgorge profits, reimburse losses, pay damages and pay treble damages as a result of the above described practices.

CLASS ACTION COMPLAINT

13

46.    Plaintiffs' claims are typical of the claims of Class and California Subclass members because Plaintiffs and each member of the Class purchased Yoplait Greek and suffered a loss of money as a result of that purchase.

47.    Plaintiffs are an adequate representative of the Class and California Subclass because their interests do not conflict with the interests of the Class and California Subclass members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class and California Subclass will be fairly and adequately protected by Plaintiffs and their counsel.

48.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by the individual members of the Class and California Subclass may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class and Subclass to individually redress the wrongs done to them.  There will be no difficulty in the management of this class action.

**COUNT I**
**VIOLATION OF MAGNUSON-MOSS WARRANTY ACT**
**(15 U.S.C. § 2301, *et seq.*)**

49.    Plaintiffs and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

50.    Plaintiffs bring this Count I individually and on behalf of the members of the Class, against all Defendants.

51.    Yoplait Greek products are consumer products as defined in 15 U.S.C. § 2301(1).

52.    Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

53.    Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

54.    In connection with the sale of Yoplait Greek, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the products were Greek yogurt.

55.    By reason of Defendants' breach of the express written warranties stating that the products were Greek yogurt, Defendants violated the statutory rights due Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiffs and Class members.

## COUNT II
## UNJUST ENRICHMENT

56.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

57.    Plaintiffs bring this Count II individually and on behalf of the members of the nationwide Class against all Defendants.

58.    "The unjust enrichment claim can be made from common classwide proof." *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 239 (C.D. Cal. 2003) (certifying a nationwide class where plaintiffs alleged defendants were unjustly enriched through a common scheme.).    "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.    In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched.    At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiffs and it would be inequitable for the defendant to retain that benefit without compensating the plaintiffs.    The focus of the inquiry is the same

in each state." *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), quoting *Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007).

59.    Plaintiffs and Class members conferred a benefit on Defendants by purchasing Yoplait Greek.

60.    Defendants have been unjustly enriched in retaining the revenues derived from Class members' purchases of Yoplait Greek, which retention under these circumstances is unjust and inequitable because Defendants misrepresented the facts concerning the efficacy of the product and caused Plaintiffs and the Class to lose money as a result thereof.

61.    Plaintiffs and Class members suffered a loss of money as a result of Defendants' unjust enrichment because: (a) they would not have purchased Yoplait Greek on the same terms if the true facts concerning those products had been known; (b) they paid a price premium due to the false representations about the products; and (c) Yoplait Greek was neither Greek yogurt nor yogurt as defined by applicable standards of identity.

62.    Because Defendants' retention of the non-gratuitous benefit conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and Class members for their unjust enrichment, as ordered by the Court.

### COUNT III
### BREACH OF EXPRESS WARRANTY

63.    Plaintiffs repeat and reallege each and every allegation above, as if set forth in full herein.

64.    Plaintiffs bring this Count III individually and on behalf of the members of the nationwide Class against all Defendants.

65.    Defendants expressly warranted in their marketing, advertising and promotion of Yoplait Greek by representing that those products were Greek yogurt.

66.    Plaintiffs and members of the Class purchased Yoplait Greek based upon the above said express warranty.

67.    Defendants breached their express warranty by selling a product that is neither Greek yogurt nor yogurt as defined by applicable standards of identity.

68.    As a direct and proximate result of Defendants' breaches of their express warranty, Plaintiffs and members of the Class have been damaged in that they did not receive the product as specifically warranted and/or paid a premium for the product based on the Defendants' representations.

**COUNT IV**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

69.    Plaintiffs repeat and reallege each and every allegation above, as if set forth in full herein.

70.    Plaintiffs bring this Count IV individually and on behalf of the members of the nationwide Class against all Defendants

71.    Defendants impliedly warranted that the Yoplait Greek products they manufactured, sold and distributed were Greek Yogurt and that the products were merchantable and fit for their intended purpose.  Defendants did so with the intent to induce Plaintiffs and members of the Class to purchase those products.

72.    Defendants breached their implied warranties in that the products are neither Greek yogurt nor yogurt as defined by applicable standards of identity, as marketed, advertised and promoted.

CLASS ACTION COMPLAINT

17

73.    Had Plaintiffs and the members of the Class known the true facts, they either would not have purchased the products or would not have been willing to pay the premium price Defendants charged for the products.

### COUNT V
### <u>VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW</u>
### (Bus. & Prof. Code §§ 17200, *et seq.*)
### (Injunctive Relief and Restitution Only)

74.    Plaintiffs and Class members hereby reallege and incorporate by reference each allegation set forth above as if fully set forth herein and further allege as follows:

75.    This Count V is asserted by Plaintiffs George Stez and Linda Hawkins on behalf of the California Subclass under California law.

76.    Defendants are subject to the Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, et seq.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising ."

77.    Defendants also violated the "unlawful" prong of the UCL by violating California's Consumers Legal Remedies Act ("CLRA") as described in Count VII, below.

78.    Defendants also violated the "unlawful" prong of the UCL by violating California's False Advertising Law ("FAL") as described in Count VI, below.

79.    Defendants' conduct, described herein, violated the "unfair" prong of the UCL by misrepresenting that Yoplait Greek products are Greek Yogurt.

80.    Defendants' conduct, described herein, violated the "fraudulent" prong of the UCL by misrepresenting that Yoplait Greek products are Greek Yogurt.

---

CLASS ACTION COMPLAINT

18

81.    Plaintiffs and California Subclass members suffered lost money or property as a result of Defendants' UCL violations because:  (a) they would not have purchased Yoplait Greek on the same terms if the true facts concerning those products had been known; and (b) they paid a price premium due to the false representations about the products.

## COUNT VI
## FOR VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
### (Bus. & Prof. Code §§ 17500 *et seq.*)

82.    Plaintiffs incorporate by reference and reallege each and every allegation set forth above as though fully set forth herein.

83.    This Count VI is asserted by Plaintiffs George Stez and Linda Hawkins on behalf of the California Subclass under California law.

84.    Defendants violated California Business & Professions Code § 17500 by publicly disseminating misleading and false advertisements including information suggesting that Yoplait Greek products are Greek Yogurt.

85.    Defendants' misleading and false advertisements were disseminated to increase sales of Yoplait Greek.

86.    Defendants knew or should have known their false advertisements were untrue or misleading.

87.    Furthermore, Defendants publicly disseminated the false advertisements as part of a plan or scheme and with the intent not to sell Yoplait Greek as advertised.

88.    Plaintiffs and the members of the California Subclass have suffered harm as a result of these violations of the FAL because: (a) they would not have purchased Yoplait Greek on the same terms if the true facts concerning the

products had been known; and (b) Yoplait Greek is neither Greek yogurt nor yogurt as defined by applicable standards of identity, as promised.

89.    Pursuant to Business & Professions Code § 17500, Plaintiffs seek an order of this Court permanently enjoining Defendants from continuing to publicly disseminate misleading and false advertisements as alleged herein.  Plaintiffs also seek an order requiring Defendants to: (a) make full restitution for all monies wrongfully obtained; and (b) disgorge all ill-gotten revenues and/or profits.

## COUNT VII
## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA")
### (Civil Code §§ 1750, *et. seq.*)

90.    Plaintiffs and Class members hereby reallege and incorporate by reference each allegation set forth above as if fully set forth herein and further allege as follows:

91.    This Count VII is asserted by Plaintiffs George Stez and Linda Hawkins on behalf of the California Subclass under California law.

92.    CLRA § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Defendants violated this provision by misrepresenting that Yoplait Greek is Greek yogurt.

93.    CLRA § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."  Defendants violated this provision by misrepresenting that Yoplait Greek is Greek yogurt.

CLASS ACTION COMPLAINT

20

94.    CLRA § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." Defendants violated this provision by misrepresenting that Yoplait Greek is Greek yogurt.

95.    Plaintiffs and the California Subclass members suffered lost money or property as a result of these violations because: (a) they would not have purchased Yoplait Greek on the same terms if the true facts concerning those products had been known; (b) they paid a price premium due to the false representations about the products; and (c) Yoplait Greek was neither Greek yogurt nor yogurt as defined by applicable standards of identity.

96.    Prior to the filing of this Complaint, a CLRA notice letter was served on Defendants which complies in all respects with California Civil Code § 1782(a).    Plaintiffs sent Defendants a letter via certified mail, return receipt requested, advising Defendants that they are in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770.  Defendants were further advised that in the event that the relief requested has not been provided within thirty (30) days, Plaintiffs would amend their Complaint to include a request for monetary damages pursuant to the CLRA.

97.    Wherefore, Plaintiffs seek restitution and injunctive relief for violations of the CLRA.

## **PRAYER FOR RELIEF**

Plaintiffs, on their own behalf and on behalf of the Class, pray for the following relief:

A.    For an order certifying the nationwide Class and the California Subclass under Rule 23 of the *Federal Rules of Civil Procedure* and naming Plaintiffs as Class Representative and their attorneys as Class Counsel to represent the Class members;

B.   For an order declaring that Defendants' conduct violates the statutes referenced herein;

C.   For an order finding in favor of Plaintiffs, the Class and the California Subclass on all counts asserted herein;

D.   For an order awarding compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

E.   For prejudgment interest on all amounts awarded;

F.   For an order of restitution and all other forms of equitable monetary relief;

G.   For injunctive relief as pleaded or as the Court may deem proper; and

H.   For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff demands trial by jury

April 16, 2012

FARUQI & FARUQI, LLP

David E. Bower, (SBN 119546)
attorney for Plaintiffs
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
dbower@faruqilaw.com

CLASS ACTION COMPLAINT

22

I, Linda Hawkins, declare as follows:

1.      I am a plaintiff in this action and a citizen of the State of California.  I have personal knowledge of the facts herein and if called as a witness, I could and would testify competently thereto.

2.      This is a proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the transaction alleged occurred in the Central District of California because I live in this District.  I also purchased and consumed the product which is the subject of this compliant, in this district, in Los Angeles, California.

3.      I purchased *Yoplait Greek® fat free yogurt*, (*Yoplait Greek*) from a retail store in Los Angeles, California.  Based on the product label and product advertising claims, I was led to believe that the Yoplait Greek yogurt was the product it claimed to be and that it fit within the defined term of yogurt.  I am now informed and believe that this product is not what it is advertised or labeled to be and that it contains significant levels of a product described to me as Milk Protein Concentrate (*MPC*) which was apparently used to thicken the product.  The product label and advertising claims were a substantial factor influencing my decision to purchase the Yoplait Greek yogurt. I would not have purchased the Yoplait Greek yogurt if I had known that the labels and product advertising claims were false and misleading.  If I had not been exposed to the labels and product advertising regarding the Yoplait Greek yogurt as being "Greek" and being "yogurt" I would not have purchased the Yoplait Greek yogurt.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on April 14, 2012, in Los Angeles, California.

_____
Linda Hawkins

I, George Stez, declare as follows:

1.    I am a plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts herein and if called as a witness, I could and would testify competently thereto.

2.    This is a proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the transaction alleged occurred in the Central District of California because I live in this District. I also purchased and consumed the product which is the subject of this compliant, in this district.

3.    I purchased *Yoplait Greek® fat free yogurt*, (*Yoplait Greek*) from a retail store in California. Based on the product label and product advertising claims, I was led to believe that the Yoplait Greek yogurt was the product it claimed to be and that it fit within the defined term of yogurt. I am now informed and believe that this product is not what it is advertised or labeled to be and that it contains significant levels of a product described to me as Milk Protein Concentrate (*MPC*) which was apparently used to thicken the product. The product label and advertising claims were a substantial factor influencing my decision to purchase the Yoplait Greek yogurt. I would not have purchased the Yoplait Greek yogurt if I had known that the labels and product advertising claims were false and misleading. If I had not been exposed to the labels and product advertising regarding the Yoplait Greek yogurt as being "Greek" and being "yogurt" I would not have purchased the Yoplait Greek yogurt.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on March 30, 2012, in Los Angeles, California.

_____
George Stez

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LINDA HAWKINS and GEORGE STEZ on behalf of themselves and all others similarly situated,

**DEFENDANTS**
GENERAL MILLS, INC., a Delaware corporation and YOPLAIT USA, Inc., a Delaware corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David E. Bower of FARUQI & FARUQI, LLP
10866 Wilshire Blvd., Suite 1470, Los Angeles, California 90024
Tel: (424) 256-2884  Fax: (424) 256-2885  Email: dbower@faruqilaw.com

**Attorneys** (If Known)
BY FAX

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☑ MONEY DEMANDED IN COMPLAINT: $ In excess of $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 2031 et seq. Breach of Warranty as to products sold by defendants

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☑ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LINDA HAWKINS - LOS ANGELES COUNTY<br>GEORGE STEZ - RIVERSIDE COUNTY | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | MINNESOTA |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY<br>RIVERSIDE COUNTY | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date APRIL 16, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV12- 3306 DDP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address: David E. Bower, Esq. (119546)
FARUQI & FARUQI, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Tel: (424) 256-2884  Fax: (424) 256-2885
Email: dbower@faruqilaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA HAWKINS and GEORGE STEZ on behalf of themselves and all other similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>GENERAL MILLS, INC., a Delaware corporation and YOPLAIT USA, INC., a Delaware corporation, and DOES 1 through 10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-03306 DDP(DTB)<br><br><br>SUMMONS |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, David E. Bower _____, whose address is 10866 Wilshire Boulevard, Suite 1470, Los Angeles, California 90024 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR 16 2012

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Name & Address: David E. Bower, Esq. (119546)
FARUQI & FARUQI, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Tel: (424) 256-2884  Fax: (424) 256-2885
Email: dbower@faruqilaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LINDA HAWKINS and GEORGE STEZ on behalf of themselves and all other similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>GENERAL MILLS, INC., a Delaware corporation and YOPLAIT USA, INC., a Delaware corporation, and DOES 1 through 10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-03306 (DDP)(DTBx)<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  David E. Bower _____ , whose address is 10866 Wilshire Boulevard, Suite 1470, Los Angeles, California 90024 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

APR  1 6  2012

Dated: _____

Clerk, U.S. District Court

JULIE PRADO  SEAL

By: _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                              **SUMMONS**